UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZHI LAN LIU,

                Plaintiff,

      -against-

JIN HUI (USA) RESTAURANT CORP. (d/b/a
JING HUI RESTAURANT), JING XIONG JIANG,
and SHUZHEN JIANG,

                Defendants.
-----------------------------------------------------------------x

Case No.:

**COMPLAINT**

Plaintiff, Zhi Lan Liu (hereinafter "Plaintiff" or "Plaintiff Liu"), by and through her attorneys, Yang & Associates and Cordello Law, PLLC, alleges against each of the Defendants, Jin Hui (USA) Restaurant Corp. (d/b/a Jing Hui Restaurant), Jing Xiong Jiang and Shuzhen Jiang (hereinafter collectively referred to as "Defendants"), as follows:

## NATURE OF ACTION

1.     This is a civil action brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to recover damages for regular and overtimes wages, spread of hours wages and violations of Notice/Recordkeeping requirements. Plaintiff worked as a cashier/receptionist at a Chinese Restaurant doing business as Jing Hui Restaurant ("JHR"), which was owned, controlled and operated by Defendants Jing Xiong Jiang and Shuzhen Jiang, who each failed to compensate Plaintiff for minimum wages, overtime wages and spread of hours wages and further failed to comply with the Notice/Recordkeeping requirements mandated by law. JHR was formed through - and continues to operate through - a domestic corporation named "Jin Hui (USA) Restaurant Corp.".

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), 29 U.S.C. §217, 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. This Court has Supplemental Jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in the Western District of New York (hereinafter "WDNY") under 1391(b) because a substantial part of the events or omissions which gave rise to the claims herein occurred within the WDNY, Defendants operated their business in the WDNY during the relevant time period, Defendants Jin Hui (USA) Restaurant Corp. and Jing Xiong Jiang reside within the WDNY and all Defendants are residents of the State of New York.

## THE PARTIES

5. Plaintiff Zhi Lan Liu is an individual residing in Monroe County, New York.

6. At all relevant times, Plaintiff Liu was an employee of JHR, located at 1358 Lyell Avenue, Rochester, New York 14606, and was engaged in commerce and/or in the production of goods for commerce.

7. At all relevant times, a substantial part of Plaintiff Liu's work as an employee of JHR was related to interstate commerce.

8. At all relevant times, Plaintiff Liu handled and/or otherwise worked on goods at JHR intended for shipment out of the state, directly or indirectly, while employed at JHR.

9. At all relevant times, Plaintiff Liu regularly handled goods in interstate commerce produced outside the state of New York while employed at JHR.

10. While employed at JHR, Plaintiff Liu had no discretionary authority, no authority

2

over other employees, no operational control over the work conditions at JHR and no input into the conditions of her own employment at JHR. Plaintiff's duties at JHR required neither discretion nor independent judgment.

11. Plaintiff Liu has consented in writing to being a party and bringing this action individually, pursuant to 29 U.S.C. §216(b). A copy of Plaintiff's consent is annexed hereto as Exhibit "A".

12. Defendant Jin Hui (USA) Restaurant Corp. is a corporation organized and existing under the laws of the State of New York doing business under the name of "Jing Hui Restaurant" with a principal place of business at 1358 Lyell Avenue, Rochester, New York 14606.

13. At all relevant times, Defendant JHR was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. At all relevant times, Defendant JHR was engaged in commerce or in the production of goods for commerce.

15. At all relevant times, Defendant JHR had employees (a) engaged in commerce and/or in the production of goods for commerce and/or (b) who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

16. At all relevant times, upon information and belief, numerous products sold at JHR on a regular basis, such as meats and vegetables, were produced outside the state of New York.

17. At all relevant times, Defendant JHR had an annual gross volume of sales or business of at least $500,000.00.

18. Defendant Jing Xiong Jiang is an individual residing in Monroe County, New

York and engaged in business within the WDNY during the relevant time period.

19. Defendant Jing Xiong Jiang (hereinafter "JX Jiang") is sued individually and in his capacity as owner, operator, officer and/or agent of JHR.

20. Upon information and belief, Defendant JX Jiang possessed an ownership interest in JHR at all times between May of 2010 and the present.

21. At all relevant times, Defendant JX Jiang possessed and exercised operational control over JHR and/or controlled significant functions of JHR.

22. At all relevant times, Defendant JX Jiang determined the wages, compensation and work schedule of Plaintiff and JHR's other employees, created and/or maintained employee records of JHR and possessed authority to hire and fire employees of JHR.

23. At all relevant times, Defendant JX Jiang established and maintained policies regarding pay practices at JHR, supervised employees and controlled the conditions of employment at JHR.

24. Defendant Shuzhen Jiang is an individual residing in Kings County, New York who has engaged in business within the WDNY during the relevant time period.

25. Defendant Shuzhen Jiang (hereinafter "S Jiang") is sued individually and in her capacity as owner, operator, officer and/or agent of JHR.

26. Defendant S Jiang possessed an ownership interest in JHR at all times between April of 2012 and the present.

27. At all relevant times, Defendant S Jiang possessed and/or exercised operational control over JHR and/or controlled significant functions of JHR.

28. At all relevant times, Defendant S Jiang determined the wages, compensation and

work schedule of Plaintiff and JHR's other employees, created and/or maintained employee records of JHR and possessed authority to hire and fire employees of JHR.

29. At all relevant times, Defendant S Jiang established and/or maintained policies regarding pay practices at JHR, supervised employees and/or controlled the conditions of employment at JHR.

30. At all relevant times, Defendants JX Jiang and S Jiang were each employers of Plaintiff Liu within the meaning of the FLSA and NYLL.

### PLAINTIFF'S EMPLOYMENT WITH JHR

31. Plaintiff Liu was an employee at JHR prior to May of 2010 and at all times between May of 2010 and February 14, 2017. During that time, Plaintiff Liu worked as a cashier/receptionist and her duties consisted essentially of operating the cash register and answering the phones for JHR.

32. Plaintiff Liu was, at all times between May 1, 2010 and February 14, 2017, employed by Defendants.

33. Between May 1, 2010 and September 19, 2014, Plaintiff worked six days per week - 10:30 a.m. to 10:30 p.m. every Monday through Thursday and 10:30 a.m. to 11:30 p.m. every Friday and Saturday. Plaintiff Liu, during this time period, therefore worked 74 hours per week.

34. Between September 20, 2014 and February 14, 2017, Plaintiff worked six days per week - 10:30 a.m. to 9:30 p.m. every Monday through Thursday and 10:30 a.m. to 11:30 p.m. every Friday and Saturday. Plaintiff Liu, during this time period, therefore worked 70 hours per week.

35. Plaintiff Liu was never at any time compensated for her work at JHR. She never received any wages – regular or overtime - for her employment at JHR and was never paid in exchange for the services she performed as an employee at JHR.

36. Plaintiff Liu was never a partner, shareholder or co-owner of JHR and never received any profits or monies from JHR.

37. Given the number of hours worked and the responsibilities undertaken by Plaintiff, the primary beneficiary of the employment relationship herein was the restaurant and Defendants herein, who received immediate advantage and benefit from Plaintiff's labor.

38. Plaintiff provided labor to Defendants, did not receive any educational or vocational benefits in return and was required to be paid for her labor.

## DEFENDANTS' PAY PRACTICES AT JHR

39. During the time Plaintiff Liu was employed at JHR, Defendants regularly required their employees at JHR to work in excess of forty hours per week without paying them the proper minimum wage, overtime or spread of hours compensation.

40. At all relevant times, Defendants maintained a policy and practice of not paying Plaintiff and/or other employees the minimum hourly wages mandated by federal and state law.

41. At all relevant times, Defendants maintained a policy and practice of requiring Plaintiff Liu and/or other employees of JHR to work in excess of forty hours per week without paying them the overtime compensation mandated by federal and state law.

42. At all relevant times, Defendants maintained a policy and practice of requiring Plaintiff Liu and/or other employees of JHR to work a day in which their spread of hours exceeded ten hours paying them the spread of hours compensation mandated by state law.

43. Defendants failed to display posters and/or any other written notices at JHR addressing minimum wage, overtime and related pay practices required under federal and state law.

44. During the time that Plaintiff Liu was employed at JHR, none of the Defendants required Plaintiff or any of the other employees at JHR to "clock in" or otherwise document or track the hours they worked.

45. During the time Plaintiff Liu was employed at JHR, none of the Defendants made any efforts to track the hours worked by JHR's employees.

46. During the time Plaintiff Liu was employed at JHR, Defendants never provided her or any of the other employees of JHR with any notices, records or documentation of the hours worked, pay rate and/or monies earned and/or received.

47. Defendants had a corporate policy or practice of minimizing labor costs through the avoidance of payment of proper wages to employees.

48. Upon information and belief, Defendants' practice of not documenting the work hours and/or pay of employees was designed to disguise and/or conceal (1) the actual number of hours worked by JHR employees, (2) the amount paid to JHR employees for minimum wage, overtime and spread of hours, and (3) Defendants' failure to comply with wage requirements mandated under federal and state law.

49. Upon information and belief, Defendants' practice of not documenting the work hours and/or pay of employees was designed to take advantage of the lack of education and/or sophistication of their employees, including Plaintiff, with respect to federal and state wage laws.

50. During the time Plaintiff Liu was employed at JHR, Defendants never provided

her with written notice in English and Chinese (her primary language) of the hours she worked or any of the other information required by NYLL §195(1).

51. During the time Plaintiff Liu was employed at JHR, Defendants never provided her with an accurate statement of wages she was entitled to or any of the information required by NYLL §195(3).

**AS AND FOR A FIRST CAUSE OF ACTION (FLSA – Minimum Wage Violations)**

52. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 as if fully set forth herein.

53. At all relevant times, each of the Defendants were Plaintiff's employer within the meaning of the FLSA.

54. At all relevant times, Plaintiff Liu was an employee engaged in commerce and/or an employee engaged in the production of goods for commerce.

55. At all relevant times, Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce.

56. At all relevant times, defendant JHR was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

57. At all relevant times, Defendant JHR had employees (a) engaged in commerce or the production of goods for commerce and/or (b) who handled or otherwise worked on goods or materials moved in or produced for commerce.

58. At all relevant times, Defendant JHR had an annual gross volume of sales or business of at least $500,000.00.

59. Pursuant to 29 U.S.C. §206, Plaintiff Liu was required to be paid a minimum

wage of at least $7.25 per hour for each of the first 40 hours worked per week at JHR.

60. Defendants at all times have failed to pay Plaintiff Liu any wages for her work while she was employed at JHR and have therefore failed to pay her the required minimum wage, in violation of 29 U.S.C. §206(a).

61. Defendants' failure to pay Plaintiff the required minimum wage was willful under 29 U.S.C. §255(a). Defendants knew and/or showed reckless disregard as to whether their conduct was illegal. Defendants failed to take any steps to determine the dictates of the FLSA, NYLL and/or the legality of its practices and thereafter act to comply with same. Defendants had no good faith basis or reasonable grounds for believing that their failure to pay proper wages was in compliance with the law, particularly considering that they paid no wages at all to Plaintiff. Defendants' conduct was unlawful, intentional and willful and was carried out in bad faith.

62. As a result, Plaintiff Liu suffered damages and is entitled to all unpaid minimum wages which were required to be paid under 29 U.S.C. §206(a) of the FLSA, liquidated damages under the FLSA and attorneys' fees and costs.

**AS AND FOR A SECOND CAUSE OF ACTION (FLSA – Overtime Wage Violations)**

63. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 62 as if fully set forth herein.

64. Pursuant to 29 U.S.C. §207(a)(1) of the FLSA, defendants were required to pay plaintiff Liu overtime compensation at a rate of one and a half times the regular rate of pay for each hour she worked in excess of forty hours in a work week at JHR.

65. Defendants failed to pay Plaintiff any wages for overtime hours worked and therefore violated 29 U.S.C. §207(a)(1) of the FLSA.

9

66. Defendants' failure to pay Plaintiff any overtime compensation was willful under 29 U.S.C. §255(a).

67. As a result, Plaintiff Liu suffered damages and is entitled to all unpaid overtime wages which were required to be paid under 29 U.S.C. §207(a)(1) of the FLSA, liquidated damages under the FLSA and attorneys' fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION (NYLL – Minimum Wage Violations)**

68. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 67 as if fully set forth herein.

69. At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL §§2 and 651.

70. Pursuant to NYLL §652(1), plaintiff Liu was required to be paid a minimum wage of at least the following hourly rates for each of the first 40 hours worked per week at JHR:

   (a) $7.25 per hour between May of 2010 and December 30, 2013;

   (b) $8.00 per hour between December 31, 2013 and December 30, 2014;

   (c) $8.75 per hour between December 31, 2014 and December 30, 2015;

   (d) $9.00 per hour between December 31, 2015 and December 30, 2016; and

   (e) $9.70 per hour between December 31, 2016 and February 14, 2017.

71. Defendants failed to pay Plaintiff the required minimum wage under NYLL §652(1).

72. Defendants' failure to pay Plaintiff Liu the required minimum wage violated

10

NYLL §652(1) and the supporting regulations of the New York State Department of Labor.

73. This failure was willful under NYLL §663.

74. As a result, Plaintiff Liu suffered damages and is entitled to all unpaid minimum wages which were required to be paid under NYLL §652(1), liquidated damages under the NYLL and attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION (NYLL – Overtime Wage Violations)

75. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 74 as if fully set forth herein.

76. Pursuant to NYLL §190, *et seq*, NYLL §650, *et seq*. and 12 NYCRR §142-2.2, Plaintiff Liu was required to be paid one and a half times the regular hourly rate for each hour worked in excess of forty hours in a work week at JHR.

77. Plaintiff Liu was not paid any overtime wages at all and Defendants have therefore violated NYLL §190, *et seq*, NYLL §650, *et seq*. and 12 NYCRR §142-2.2.

78. Defendants' failure to pay Plaintiff Liu overtime wages was willful within the meaning of NYLL §663.

79. As a result, plaintiff Liu suffered damages and is entitled to all unpaid overtime wages which were required to be paid under 12 NYCRR §142-2.2, liquidated damages under the NYLL and attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION (Spread of Hours Violations)

80. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 79 as if fully set forth herein.

81. Pursuant to NYLL §190, *et seq*, NYLL §650, *et seq*. and 12 NYCRR §142-2.4(a),

Defendants were required to pay Plaintiff Liu one additional hour's pay at the minimum wage rate for each day plaintiff's spread of hours exceeded ten hours in a given day.

82. During the time that Plaintiff worked at JHR, her spread of hours exceeded ten hours on each day that she worked at JHR.

83. Defendants have never paid Plaintiff Liu any spread of hours wages – or any wages at all – and have therefore violated 12 NYCRR §142-2.4(a).

84. Defendants' failure to pay Plaintiff Liu any spread of hours wages was willful within the meaning of NYLL §663.

85. As a result, Plaintiff Liu suffered damages and is entitled to all unpaid spread of hours wages which were required to be paid under 12 NYCRR §142-2.4(a), liquidated damages under the NYLL and attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION (NYS Notice and Recordkeeping Violations)**

86. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 85 as if fully set forth herein.

87. Pursuant to NYLL §195(1), Defendants were required to provide Plaintiff Liu with written notice in English and Chinese (Plaintiff's primary language) of her rate of pay, regular day pay and additional information. This information was required to be provided prior to the start of her employment and on or before the first day of February for each subsequent year worked.

88. Defendants have never provided plaintiff Liu with such notice and have therefore violated NYLL §195(1).

89. Pursuant to NYLL §198(1)(b), an employee that has not been provided with the

notice required by NYLL §195(1) may recover from a violating party fifty dollars for each workday that the violations continue up to a maximum of $5,000.00, together with costs and reasonable attorneys' fees.

90. Defendants' violation of NYLL §195(1) continued for well over 100 days after the start of Plaintiff's employment with JHR.

91. Defendants are therefore liable to Plaintiff Liu for violating NYLL §195(1) in the amount of $5,000.00, with costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION (Quantum Meruit)

92. Plaintiff Liu repeats and realleges each and every allegation set forth in Paragraphs 1 through 91 as if fully set forth herein.

93. By working for JHR, Plaintiff performed services in good faith for the benefit of the Defendants, who undoubtedly accepted those services by allowing her to continue working at JHR for several years.

94. In performing these services, Plaintiff expected to be compensated for all the hours of hard work she invested for the benefit of the restaurant.

95. The reasonable value of Plaintiff's services are – at a minimum – the amount that an employed person would be required to receive under the federal and state wage laws.

96. The reasonable hourly wage for her services is the hourly minimum wage required to be paid for regular and overtime hours during the time of the work performed under federal and state laws.

97. The hourly wage for her regular hours of work (i.e. the first forty hours per week worked) multiplied by the number of hours worked constitutes a reasonable value for her

non-overtime services.

98. The hourly wage for her overtime hours of work (i.e. one and a half times the hourly wage for the first forty hours per week) multiplied by the number of hours of overtime work performed constitutes a reasonable value for her overtime services.

99. Defendants are therefore liable to Plaintiff in Quantum Meruit for the reasonable value of services she performed for the restaurant.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) on the first cause of action, all unpaid minimum wages which were required to be paid under 29 U.S.C. §206(a) of the FLSA, liquidated damages under the FLSA and attorneys' fees and costs;

(b) on the second cause of action, all unpaid overtime wages which were required to be paid under 29 U.S.C. §207(a)(1) of the FLSA, liquidated damages under the FLSA and attorneys' fees and costs;

(c) on the third cause of action, all unpaid minimum wages which were required to be paid under NYLL §652(1), liquidated damages under the NYLL and attorneys' fees and costs;

(d) on the fourth cause of action, all unpaid overtime wages which were required to be paid under 12 NYCRR §142-2.2, liquidated damages under the NYLL and attorneys' fees and costs;

(e) on the fifth cause of action, all unpaid spread of hours wages which were required to be paid under 12 NYCRR §142-2.4(a), liquidated damages under the NYLL and attorneys' fees and costs;

(f) on the sixth cause of action, $5,000.00, with costs and attorneys' fees;

(g) on the seventh cause of action, the reasonable value of all

services provided by Plaintiff for the restaurant, as determined by the applicable required pay for regular and overtime hours worked under New York State law; and

(h) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 17, 2017

Yours, etc.,

**LAW OFFICES OF
YANG & ASSOCIATES**
Attorneys for Plaintiff

By: /s/ Daniel L. Millman
Daniel L. Millman, Esq. (DM 5227)
Of Counsel
9 East Broadway, Suite 302
New York, New York 10038
(212) 608-3888

*(seeking Pro Hac Vice admission
to Western District of New York)*

**CORDELLO LAW PLLC**
Attorneys for Plaintiff

By: Justin M. Cordello
Justin Cordello, Esq. (JC 4131447)
95 Allens Creek Road, Bldg. 2 – Suite 215
Rochester, New York 14618
(585) 857-9684

15

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ZHI LAN LIU,

                      Plaintiff,

    -against-

JIN HUI (USA) RESTAURANT CORP. (d/b/a
JING HUI RESTAURANT), JING XIONG JIANG,
and SHUZHEN JIANG,

                      Defendants.
-------------------------------------------------------------X

**CONSENT TO PURSUE FEDERAL AND STATE WAGE CLAIMS**

By my signature below, I hereby consent to make claims as a plaintiff under the Fair Labor Standards Act and related state laws to recover minimum wages, overtime wages and related damages owed to me by my former employer, Jin Hui (USA) Restaurant Corp., and some or all of its owners, and authorize the filing and prosecution of legal action to pursue same. I am providing this consent to my attorneys, Yang & Associates, 9 East Broadway, Suite 302, New York, New York 10038.

通过以下我的签名，我在此同意作为原告根据公平劳工标准法案和相关的州立法律向我之前的雇主金辉（美国）餐馆公司和该公司的部分或者全部的拥有人提出关于最低工资，超时工资，以及其他应该付给我的赔偿的诉求，并且允许我的律师提交并开始一个法律程序来追讨赔偿。我现在授予这些权利并给予我的同意给我的律师，杨氏联合律师楼，地址是九号东百老汇大街，三零二，纽约，纽约，邮编10038。

Dated: May 16, 2017

                                                _/s/ Zhi Lan Liu_
                                                  Zhi Lan Liu

To:   Jin Hui (USA) Restaurant Corp.
      1358 Lyell Avenue
      Rochester, New York 14606

      Jing Xiong Jiang
      41 Hazel Bark Run
      Rochester, New York 14606

      Shuzhen Jiang
      1954 73rd Street, 1st Floor
      Brooklyn, New York 11204